## HARVEY SANDUSKY *et al.*

*v.*

## EXCHANGE BANK OF JOHN C. SHORT & Co.

1. PLEADING—*joint plea bad as to one, bad as to all.* Where two or more defendants join in a plea which sets up a defense good as to part of them and bad as to the others, it is bad as to all.

23—81ST ILL.

2. SAME—*bankruptcy of principal not a good plea by surety.* In a suit upon an appeal bond, the condition of which was, that the principal would prosecute his appeal with effect, and pay whatever judgment should be rendered in the appellate court, a plea by both the principal and surety that the judgment appealed from was affirmed, and that afterwards the principal was adjudged a bankrupt, and the judgment so affirmed was filed and allowed in the bankrupt court, against his estate, is not a good plea as to the surety, and, being a joint plea, is therefore bad as to both.

APPEAL from the Circuit Court of Vermilion county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. J. HARPER, for the appellants.

Messrs. MANN & CALHOUN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by appellee on an appeal bond, which had been executed by appellants to perfect an appeal taken to this court from a judgment rendered in the circuit court of Ford county against Harvey Sandusky.

The only question presented by the record arises upon appellants' second plea, to which the court sustained a demurrer.

It is alleged in the plea that the judgment appealed from was affirmed in the Supreme Court, and that, subsequently, the judgment of the circuit court of Ford county, as affirmed, was filed in the District Court of the United States for the Southern District of Illinois, and before the register thereof, James Lake, by the plaintiffs, and such proceedings were there had by said court, that the judgment of the circuit court of Ford county was allowed against the estate of one of the defendants, to-wit, Harvey Sandusky, for the entire amount thereof, in favor of the plaintiffs; that, by the adjudication of the District Court, through its register in bankruptcy, the plaintiffs, by their own action, have recovered a judgment against one of the defendants for the debt and cause of action declared on in the declaration; that the estate of Harvey Sandusky is solvent, and that the plaintiffs are estopped, etc.

It will be observed that the plea was interposed by both of

the defendants: the principal in the bond, who had been adjudicated a bankrupt, as well as the security on the bond, against whom no proceedings in bankruptcy had ever been had.

If, therefore, the plea did not present a defense to the action as to the security on the bond, the demurrer was properly sustained, although the facts pleaded may have presented a defense as to the principal in the bond, who had been adjudged a bankrupt. The rule, as we understand it, is, that a plea which is bad in part is bad *in toto;* if, therefore, two defendants join in a plea which is sufficient for one, but not for the other, the plea is bad as to both. 1 Chitty on Pleading, 567.

The condition of the appeal bond upon which the action was brought, provided that, if the said Harvey Sandusky should prosecute his appeal with effect, and should, moreover, pay the amount of the judgment, costs, interest and damages rendered and to be rendered against him, in case the judgment should be affirmed, then the bond should be void, otherwise to remain in full force.

It is not pretended the judgment has been paid, although affirmed. The mere fact that the judgment was filed with the register of the District Court, and proved up as a claim against the estate of the bankrupt, was no payment, nor could it relieve the security on the appeal bond, or in any manner diminish his liability upon the bond which he had executed.

The presentation of the judgment, and its allowance in the bankrupt proceedings, was in no sense a judgment against the bankrupt, but if it was, that would not release the surety on the appeal bond. His liability arises upon the bond. No action was had or proceedings taken in the bankrupt court on the obligation signed by the security.

It was but an act of good faith on the part of appellees to present the judgment against the estate of the bankrupt, and whatever amount would be realized could be applied in payment of the judgment, and thus far relieve the surety on his bond, but we are aware of no principle upon which it can

be claimed that such a presentation of the claim would release the security.

We are well satisfied, therefore, that the facts set up in the plea were no defense, so far as the surety on the bond was concerned, and it was not error to sustain the demurrer.

Had the facts set up in the plea been pleaded by the bankrupt alone, perhaps no judgment could have been rendered against him; if he alone had interposed the defense that he had been adjudicated a bankrupt, appellees could have dismissed their action as to him, amended the declaration and proceeded to final judgment against the other defendant; but as the defense relied upon was pleaded jointly by both the defendants in the action, the court could not do otherwise than sustain the demurrer.

The judgment will be affirmed.

*Judgment affirmed.*